IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH MOHAMED and SALEH M. KASSEM, individually and as general partners of MAS AMIGOS MARKET,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation,<br><br>Defendant. | 2:10-cv-03400-GEB-GGH<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

Plaintiffs filed a "Joint Notice of Settlement" on January 22, 2013, in which they state: "the Parties have reached a settlement in the above-entitled matter[,]" and request "the Court vacate all pending due dates and hearings . . . ." (ECF No. 18, 2:4-7.) Plaintiffs further state that they "estimate[] that the Parties will fully perform their respective duties on or before February 15, 2013[,] and upon completion thereof file a joint stipulation for dismissal of this action with prejudice." Id. at 2:9-12.

Therefore, a dispositional document shall be filed no later than February 18, 2013. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, in light of the referenced settlement, Defendant's pending motion for summary judgment (ECF No. 14) is deemed withdrawn, and the hearing on said motion scheduled for February 4, 2013, is vacated.  However, the final pretrial conference scheduled for hearing at 1:30 p.m. on April 15, 2013, will remain on calendar, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint pretrial statement shall be filed seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated:  January 23, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The final pretrial conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2